UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN F. MESCALL,

    Plaintiff,                        Civil No. 2:20-CV-13364
                                       HONORABLE NANCY G. EDMUNDS
v.                                 UNITED STATES DISTRICT JUDGE

UNITED STATES DEPARTMENT
OF JUSTICE, ET. AL.,
    Defendants,
_____/

**OPINION AND ORDER SUMMARILY
DISMISSING THE COMPLAINT**

**I. Introduction**

Before the Court is Plaintiff Sean F. Mescall's *pro se* civil rights complaint. Plaintiff is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). The case is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**II. Standard of Review**

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Plaintiff alleges that his constitutional rights were violated by persons acting under color of federal law; the complaint is construed as a *Bivens* action. *See e.g. Shehee v. Luttrell,* 199 F.3d 295, 298 (6th Cir. 1999). The screening provisions of the Prisoner Litigation Reform Act (PLRA) are applicable to *Bivens* actions brought by federal inmates. *See e.g. Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

### III. The complaint

Plaintiff claims that he was falsely accused of possessing marijuana while incarcerated at FCI-Milan. Plaintiff was found guilty and placed in administrative segregation. Plaintiff alleges that this disciplinary action was taken in retaliation for him filing prior civil rights complaints and grievances against the Bureau of Prisons for failing to take adequate steps to prevent the spread of Covid-19 at FCI-Milan. Plaintiff sues the Department of Justice, former Attorney General William Barr, and Warden Jonathan Hemingway. Plaintiff also seeks relief under the Administrative

Procedures Act and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Plaintiff seeks monetary damages.

## IV. **Discussion**

Plaintiff's lawsuit is subject to dismissal for several reasons.

First, the lawsuit against the Department of Justice (DOJ) must be dismissed because the DOJ is an entity that cannot be sued as a defendant in a *Bivens* action. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). A *Bivens* cause of action therefore cannot be brought against the federal government or a federal agency. *Id.* at 483-86. Plaintiff cannot maintain a *Bivens* action against the United States Department of Justice. *See Keys v. U.S. Dep't of Justice*, 285 F. App'x 841, 842 (3d Cir. 2008).

Plaintiff's lawsuit against the former Attorney General and the Warden cannot be maintained because plaintiff does not allege personal involvement on the part of either defendant with the prison disciplinary action. In a *Bivens* suit, there is no respondeat superior or supervisory liability. *Ashcroft v. Iqbal*, 556 U.S. at 676. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Plaintiff failed to allege any personal misconduct on the part of the Attorney General or the Warden of FCI-Milan

4

and thus fails to state a *Bivens* claim against them. *See Nalls v. Bureau of Prisons of U.S.,* 359 F. App'x 99, 101 (11th Cir. 2009).

Plaintiff also seeks review of the adverse disciplinary action against him under the Administrative Procedures Act. 18 U.S.C. § 3625 provides that 5 U.S.C. §§ 554, 555, and 701-706, the judicial review and notice and comment provisions of the APA, "do not do not apply to the making of any determination, decision or order" made by the Bureau of Prisons (BOP) pursuant to the provisions of 18 U.S.C. §§ 3621*, et seq. See e.g. Orr v. Hawk,* 156 F. 3d 651, 655, n. 1 (6th Cir. 1998)(BOP exempt from the judicial review and notice and comment provisions of the APA). Thus, this Court lacks jurisdiction, pursuant to 18 U.S.C. § 3625, to review petitioner's claim that the disciplinary action in this case violated the provisions of the APA. *See e.g. Davis v. Beeler,* 966 F. Supp. 483, 489-90 (E.D. Ky. 1997).

Finally, plaintiff seeks relief under the CARES Act. The CARES Act does not create a private cause of action. *See Healthcare Ventures of Ohio, LLC v. HVO Operations Windup LLC*, No. 20-CV-04991, 2020 WL 6688994, at * 9 (S.D. Ohio Nov. 13, 2020)(quoting *Profiles, Inc. v. Bank of Am. Corp.*, No. CV SAG-20-0894, 2020 WL 1849710, at *7 (D. Md. Apr. 13, 2020)("The Court is not persuaded that the language of the CARES Act evidences the requisite congressional intent to create a private right of action."). Accordingly, plaintiff cannot use the provisions of the CARES Act to obtain relief.

5

To the extent that plaintiff is seeking compassionate release under the CARES Act, any such motion should be directed to the sentencing judge and not this Court. *See Ambriz v. United States*, 465 F. Supp. 3d 630, 632 (N.D. Tex. 2020)(since the District Court had not been sentencing court, it lacked jurisdiction to consider compassionate release request; a district court, other than the sentencing court, lacks jurisdiction to consider a motion for modification of an imposed term of imprisonment. 18 U.S.C.A. § 3582(c)).

## V.  **ORDER**

Accordingly, it is **ORDERED** that the complaint (ECF No. 1) is **DISMISSED** with prejudice **FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.**

The Court certifies that any appeal by plaintiff would be frivolous and not in good faith.  28 U.S.C. § 1915(a)(3);  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                        s/ Nancy G. Edmunds
                                        HON. NANCY G. EDMUNDS
                                        United States District Judge

Dated:  January 19, 2021: